**Electronically Filed
Intermediate Court of Appeals
CAAP-19-0000427
24-MAY-2024
08:04 AM
Dkt. 109 SO**

NO. CAAP-19-0000427


IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


JULIAN JORDAN D. CORPUZ, II, Plaintiff-Appellee, v.
VAPEHEAD ORIGINS USA, LLC, a foreign limited liability company;
24 HOUR VAPES, LLC, a domestic limited liability company,
Defendants/Cross-Claim Defendants/Cross-Claimants-Appellees, and
JOCOR ENTERPRISES LLC, dba Volcano Fine Electronic Cigarettes,
a domestic limited liability company,
Defendant/Cross-Claimant/Cross-Claim Defendant-Appellant, and
JOHN DOES 1-10; DOE CORPORATIONS 1-10; DOE PARTNERSHIPS 1-10;
and DOE ENTITIES 1-10, Defendants.


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CASE NO. 1CC171001631)


SUMMARY DISPOSITION ORDER
(By: Leonard, Acting Chief Judge, Wadsworth and McCullen, JJ.)

Defendant/Cross-Claimant/Cross-Claim Defendant-

Appellant Jocor Enterprises, LLC (**Jocor**) appeals from the

Circuit Court of the First Circuit's[1] (1) May 23, 2019 "Order

Granting Defendant 24 Hour Vapes, LLC's Substantive Joinder to

---

[1] The Honorable James S. Kawashima presided.

Defendant Vapehead Origins USA, LLC's Petition for Determination of Good Faith Settlement" (**May 23, 2019 Joinder Order**); and (2) May 29, 2019 "Findings of Fact, Conclusions of Law, and Order Granting Defendant 24 Hour Vapes, LLC's Substantive Joinder to Defendant Vapehead Origins USA, LLC's Petition for Determination of Good Faith Settlement" (**May 29, 2019 Good Faith Settlement Order**).

On appeal, Jocor contends the circuit court abused its discretion when it determined a "walk away" settlement between Plaintiff-Appellee Julian Jordan D. Corpuz, II (**Corpuz**) and Defendant/Cross-Claim Defendant/Cross-Claimant-Appellee 24 Hour Vapes, LLC (**24 Hour Vapes**) was a good faith settlement for purposes of Hawaiʻi Revised Statutes (**HRS**) § 663-15.5 (2016, Supp. 2018), which barred Jocor from pursuing 24 Hour Vapes for contribution.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the issues raised and the arguments advanced, we resolve this appeal as discussed below, and affirm.

On October 5, 2017, Corpuz sued Defendant/Cross-Claim Defendant/Cross-Claimant-Appellee Vapehead Origins USA, LLC (**Vapehead**), 24 Hour Vapes, and Jocor for injuries sustained when an electronic cigarette and/or its batteries exploded in his

pocket causing him to suffer injuries. As related to his claim, Corpuz asserted:

- Vapehead manufactured the electronic cigarette;

- 24 Hour Vapes sold the electronic cigarette; and

- Jocor sold the batteries for the electronic cigarette.

Vapehead moved for summary judgment on Corpuz's claims and the cross-claims Jocor and 24 Hour Vapes filed. Vapehead asserted the electronic cigarette it manufactured was not responsible for Corpuz's injuries because the evidence showed the batteries were not in the electronic cigarette when the batteries caught on fire.

To support this assertion, Vapehead attached a report by Daren Slee, a Senior Managing Engineer at Exponent, a failure analysis consulting firm. The report indicated there was damage to, and soot on, the outside of the electronic cigarette, while inside the battery compartment was relatively clean with no heat damage on several plastic components. This showed the electronic cigarette was exposed to an external heat source. Vapehead thus asserted the electronic cigarette did not cause the batteries to fail.

Vapehead then petitioned for determination of good faith settlement, indicating it had reached a "walk away" settlement with Corpuz and that Corpuz would be dismissing his claims against Vapehead and each would bear their own costs.

Vapehead requested the court determine the settlement was a good faith settlement for purposes of HRS § 663-15.5, which generally bars claims for contribution and indemnity against a joint tortfeasor who settles in good faith unless there is an indemnity agreement.  See generally, HRS § 663-15.5(d)(1) (2016).

24 Hour Vapes moved to join Vapehead's petition for determination of good faith settlement.  In its request to join Vapehead's petition, 24 Hour Vapes asserted Corpuz's injuries were from Jocor's batteries, and the electronic cigarette it sold did not cause the fire.  24 Hour Vapes also indicated it too reached a walk-away settlement with Corpuz.

Jocor opposed both Vapehead's petition for determination of good faith settlement and 24 Hour Vapes' joinder motion.

On May 2, 2019, the circuit court granted Vapehead's petition for determination of good faith settlement.  The circuit court stated it "considered all of the pleadings and evidence filed in support of the Petition and the memoranda listed above, and based on the records in this case, arguments presented at the hearing, declarations of counsel, and all of the exhibits submitted . . . ."  The circuit court found, among other things, "[s]upport exists for [Corpuz]'s decision to dismiss claims as against [Vapehead]."

Subsequently, the circuit court entered its May 23, 2019 Joinder Order, allowing 24 Hour Vapes to join Vapehead's petition. In doing so, the circuit court

> considered all of the pleadings and evidence filed in support of the Substantive Joinder, the memoranda listed above, the records in this case, arguments presented at the hearing, declarations of counsel, and all of the exhibits submitted in regard to the Substantive Joinder, and based upon the Findings of Fact and Conclusions of Law as stated in the Order Granting Vapehead's Good Faith Petition[.]

The circuit court also entered its May 29, 2019 Good Faith Settlement Order, determining the settlement between 24 Hour Vapes and Corpuz was entered into in good faith. The circuit court ordered that "(a) any further claims against 24 Hour [Vapes] by any other joint tortfeasor or co-obligor are barred and (b) all cross-claims filed in this matter against 24 Hour [Vapes] are hereby dismissed with prejudice."

Jocor appealed from the May 23, 2019 Joinder Order and the May 29, 2019 Good Faith Settlement Order.

**(1)** Jocor first contends the circuit court erred by granting 24 Hour Vapes' "Petition based on its findings of fact and conclusions of law that were specific to Vapehead[.]" Jocor thus requests this court vacate the circuit court's May 23, 2019 Joinder Order.

In the order granting Vapehead's good faith settlement petition, the circuit court found the settlement was reached based on Corpuz's evaluation of the evidence as to liability, parties would bear their own fees and costs, there was no

5

evidence of a written indemnity agreement or bad faith collusion, and support existed for dismissing the claim against Vapehead.

In its May 23, 2019 Joinder Order, the circuit court granted 24 Hour Vapes' joinder motion. The circuit court stated it considered all pleadings and evidence, the memoranda, the record, the arguments, declarations of counsel, exhibits, and "the Findings of Fact and Conclusions of Law as stated in the Order Granting Vapehead's Good Faith Petition[.]"

Jocor cites no statute or rule the circuit court violated. That the circuit court considered, among other things, the findings and conclusions it made in the order granting Vapehead's good faith petition when deciding 24 Hour Vapes' joinder motion does not demand we vacate the May 23, 2019 Joinder Order. See generally, HRS § 603-21.9(6) (2016) (providing the circuit court has the power to make orders "as may be necessary to carry into full effect the powers which are or shall be given to them by law or for the promotion of justice in matters pending before them").

**(2)** Jocor next contends the circuit court erred by "[e]ntering a second, conflicting order granting 24 Hour's Petition on May 29, 2019, which contains findings of fact and conclusions of law unsupported by the evidence presented."

6

The May 23, 2019 Joinder Order granted 24 Hour Vapes' motion to join Vapehead's petition for a determination that Vapehead entered into a good faith settlement.  The May 23, 2019 Joinder Order allowed 24 Hour Vapes to join Vapehead's petition; it made no determination regarding whether 24 Hour Vapes and Corpuz's settlement was entered into in good faith.  The subsequent May 29, 2019 Good Faith Settlement Order determined the settlement between 24 Hour Vapes and Corpuz was entered into in good faith.  Thus, the orders were not conflicting.

As to the findings and conclusions Jocor claims are unsupported, Jocor points to finding number 6 and conclusion number 14 that state the fees and costs incurred were not nominal.  The declaration from Corpuz's counsel stated costs are "presumably minimal . . . at this stage of the case."

Even if Jocor is correct, Corpuz and 24 Hour Vapes agreed to be responsible for their own fees and costs and, as discussed below, there was substantial evidence to support the determination that the settlement between 24 Hour Vapes and Corpuz was entered into in good faith.  Thus, any error in determining the fees and costs were not nominal would be harmless.  See Hawaiʻi Rules of Civil Procedure Rule 61.

**(3)** Finally, Jocor contends the circuit court erred by granting 24 Hour Vapes' "Petition when the totality of the relevant circumstances before it provides no reasonable basis

7

for doing so."  The gist of Jocor's contention is 24 Hour Vapes should not be allowed to rely on Vapehead's expert evidence.

Contrary to Jocor's contention, the circuit court was required to look at the totality of the circumstances considering all relevant evidence before it.  See Troyer v. Adams, 102 Hawaiʻi 399, 425-27, 77 P.3d 83, 109-11 (2003) (explaining the determination of good faith should be made based on the "totality of the circumstances" considering all relevant facts available at the time of settlement and providing possible factors to consider).  This included Vapehead's expert evidence.

When considering all relevant facts at the time of the settlement between Corpuz and 24 Hour Vapes, the totality of circumstances supported the circuit court's determination that the settlement was entered into in good faith.  The evidence included the expert's conclusion that the battery was not inside the electronic cigarette when the battery caught fire.

And Corpuz's counsel submitted a declaration based on his assessment of the evidence as developed through discovery that "the batteries, not the [electronic cigarette], were the relevant defective products," and Vapehead and 24 Hour Vapes were "not in the chain of distribution" of the batteries.

Further, there was nothing in the record to suggest bad faith collusion between Corpuz and 24 Hour Vapes in reaching

8

a settlement. And there was no evidence of a written indemnity agreement.

In sum, the circuit court based its decision on the totality of the circumstances, considering all relevant facts available at the time of the agreement and, thus, did not abuse its discretion in granting 24 Hour Vapes' joinder motion and determining the settlement agreement between 24 Hour Vapes and Corpuz was entered into in good faith. See Brooks v. Dana Nance & Co., 113 Hawaiʻi 406, 412, 153 P.3d 1091, 1097 (2007) (applying abuse of discretion standard).

Based on the foregoing, we affirm the circuit court's May 23, 2019 Joinder Order and May 29, 2019 Good Faith Settlement Order.

DATED: Honolulu, Hawaiʻi, May 24, 2024.

On the briefs:

Jerold T. Matayoshi,
Nicholas P. Ching,
(Fukunaga Matayoshi Ching &
Kon-Herrera),
for Defendant/Cross-Claimant/
Cross-Claim Defendant-
Appellant.

J. Patrick Gallagher,
Kamalolo K. Koanui-Kong,
(Gallagher Kane Amai &
Reyes),
for Defendant/Cross-Claim
Defendant/Cross-Claimant-
Appellee 24 Hour Vapes, LLC.

/s/ Katherine G. Leonard
Acting Chief Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge